UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN GASPARD                                              CIVIL ACTION

VERSUS                                                         NO: 15-5858

OCCUPATIONAL SAFETY AND                      SECTION: R
HEALTH ADMINISTRATION

### **ORDER AND REASONS**

In this lawsuit, plaintiff Juan Gaspard challenges a safety standard issued under the Occupational Health and Safety Act of 1970 (the "OSH Act"). Defendant, the United States on behalf of the Department of Labor, moves to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff did not file his complaint within fifty-nine days of the standard's issuance, and he did not file suit in the United States Court of Appeals, as the OSH Act requires. Accordingly, the Court grants defendant's motion.

### **I.    BACKGROUND**

In this lawsuit, plaintiff challenges the validity of a rule promulgated by the Occupational Safety and Health Administration ("OSHA") under the OSH Act. Plaintiff contends that 29 CFR § 1910.23, entitled "Guarding floor and wall openings and holes," is "defective" and inadequate to ensure the safety of

individuals working in elevated positions.[1] Plaintiff, who is proceeding pro se, explains his challenge as follows:

> OSHA STANDARD 1910.23 is defective. . . . My entire complaint hinges on the word, "OR", it is my findings based on 25 years in the industry that any hole big enough for a body to fall through, 18" inches and above be double protection, to afford workers in elevated positions to reduce the risk of falling through the hole, from above the protected area, which is usually at ground, or walkway level, this walkway can be 40-300 feet in the air.[2]

Defendant, the United States on behalf of the Department of Labor, moves to dismiss plaintiff's complaint for lack of jurisdiction.[3] In support, defendants argue that plaintiff's petition is untimely and that was incorrectly filed in federal district court, as opposed to the United States Court of Appeals, as required by the OSH Act, 29 U.S.C. § 655(f).

## II. DISCUSSION

Congress enacted the OSH Act to enhance the safety of the American workforce. *See Indus. Union Dep't, AFL-CIO v. Am. Petroleum Inst.*, 448 U.S. 607, 611 (1980) (noting Congress's goal of "ensuring safe and healthful working conditions for every working man and woman in the Nation"). To

---

[1] R. Doc. 1 at 1.

[2] *Id.*

[3] R. Doc. 13-1.

advance this goal, the OSH Act delegates authority to the Secretary of Labor, acting through OSHA, to issue workplace "standards." 29 U.S.C. § 655(b) (granting authority to promulgate "any occupational safety or health standard"). The OSH Act defines "occupational health and safety standard" as "a standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment." 29 U.S.C. § 652(9). The OSH Act also authorizes the Secretary to issue certain record-keeping requirements by "regulation." *See* 29 U.S.C. § 657(c)(1).

The requirements for obtaining judicial review of OSHA rulemaking vary depending on whether the challenged rule is a "regulation" or a "standard." Persons seeking judicial review of OSHA regulations must file suit in federal district court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 703. *See Workplace Health & Safety Council v. Reich*, 56 F.3d 1465, 1467 (D.C. Cir. 1995); *Louisiana Chem. Ass'n v. Bingham*, 657 F.2d 777, 778 (5th Cir. 1981). By contrast, persons "adversely affected by a *standard*" must file a petition for judicial review of the standard in the United States Court of Appeals for the circuit of the person's residence. 29 U.S.C. § 655(f) (emphasis added). Importantly, the person must also file his or her petition within fifty-

nine days of the standard's promulgation. *Id.*; *see Nat. Res. Def. Council v. Nuclear Regulatory Comm'n*, 666 F.2d 595, 602 (D.C. Cir. 1981) (explaining that the OSH Act's time limit "serves the important purpose of imparting finality into the administrative process, thereby conserving administrative resources and protecting the reliance interests of regulatees who conform their conduct to the regulations").

Here, the OSHA rule that plaintiff challenges is a "standard" reviewable under 29 U.S.C. § 655(f). As the Fifth Circuit holds, the "basic function of the rule, rather than the exact nature of the 'practices, means, methods, operations or processes' that it embodies, distinguishes a standard from a regulation." *Louisiana Chem.*, 657 F.2d at 781. To determine whether a rule is a standard or a regulation, courts "must determine whether the challenged rule reasonably purports to correct a particular 'significant risk' or instead is merely an enforcement or detection procedure designed to further the goals of the [OSH] Act generally." *Id.* at 782; *see also Workplace Health*, 56 F.3d at 1468 (applying the *Louisiana Chemical* test). Plaintiff challenges 29 C.F.R. § 1910.23, an OSHA rule entitled "Guarding floor and wall openings and holes." That rule requires the use of railings, floor covers, and manhole covers to prevent workers from falling into floor openings. *See* 29 C.F.R. § 1910.23(a). It also requires similar protections for wall openings, stairways, and open-side

platforms, and it provides detailed specifications for the railings, toe boards, and covers to be used. *Id.* § 1910.23(b)-(e). Because section 1920.23 addresses specific workplace hazards that have already been identified, its requirements are "standards," and 29 U.S.C. § 655(f) governs judicial review. *See Louisiana Chem.*, 657 F.2d at 781 (explaining that an OSHA "standard," as opposed to a "regulation" should "aim toward correction rather than mere inquiry into possible hazards").

Plaintiff's petition fails to satisfy section 655(f) for two reasons. First, it is untimely. OSHA issued the "Guarding floor and wall openings and holes" standard in 1974, *see* 39 Fed. Reg. 23502 (June 27, 1974), and the standard was last amended in 1984. *See* 49 Fed. Reg. 5321 (Feb. 10, 1984). Plaintiff did not file this lawsuit until November 2015, well after the fifty-nine day statutory deadline for challenging the standard's validity. *See Nat'l Ass'n of Mfrs. v. Occupational Safety & Health Admin.*, 485 F.3d 1201, 1204-05 (D.C. Cir. 2007) (dismissing a challenge to an OSHA standard filed twenty years after the standard was issued as untimely).

Second, plaintiff lodges his complaint with the wrong court. Because plaintiff challenges an OSHA standard, as opposed to a regulation, jurisdiction over his complaint lies in the United States Circuit Court of Appeals, not federal district court. *See Int'l Brominated Solvents Ass'n v. Am. Conference*

*of Governmental Indus. Hygienists, Inc.*, 393 F. Supp. 2d 1362, 1385 (M.D. Ga. 2005) (holding that district court lacked jurisdiction to consider an untimely challenge to an OSHA standard that was not filed in the Court of Appeals); *Am. Indus. Health Council v. Marshall*, 494 F. Supp. 941, 945 (S.D. Tex. 1980) (finding that district court lacked jurisdiction to review an OSHA standard's validity). For these reasons, this Court lacks jurisdiction over plaintiff's lawsuit, and defendant's motion to dismiss must be granted.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of jurisdiction.

New Orleans, Louisiana, this  5th  day of August, 2016.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE